**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4598**

_____

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

ROBERT LEE HENDERSON, a/k/a 40,

         Defendant - Appellant.

_____

Appeal from the United States District Court for the District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:20-cr-00107-BO-1)

_____

Submitted:  May 26, 2022                      Decided:  June 14, 2022

_____

Before NIEMEYER and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Richard Croutharmel, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Henderson was charged in a five-count indictment with distribution of, and possession with intent to distribute, crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 1 and 2), possession with intent to distribute cocaine (Count 3), possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 4), and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 5). The jury convicted Henderson of counts 1, 2, 3, and 5, but acquitted him on count 4. Based on a total offense level of 30 and a criminal history category of IV, Henderson's advisory Sentencing Guidelines range was 135 to 168 months. The court imposed a 144-month sentence, followed by 3 years of supervised release.

On appeal, Henderson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether the district court erred at sentencing in applying the two-level enhancement for possession of a firearm in connection with a drug offense, U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018), and the two-level enhancement for maintaining a premises for the purposes of distributing a controlled substance, USSG § 2D1.1(b)(12). Counsel also questions whether Henderson received ineffective assistance of counsel at trial. Although advised of his right to file a supplemental pro se brief, Henderson has not done so.

When reviewing whether a district court erred in calculating the defendant's Sentencing Guidelines range, we review factual findings for clear error and legal conclusions de novo. *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018).

2

"[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole." *United States v. Martinez-Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) (internal quotation marks omitted).

The Guidelines authorize a two-level increase in the offense level "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). "The government bears the initial burden of proving, by a preponderance of the evidence, that the weapon was possessed in connection with the relevant illegal drug activity." *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017). Establishing the requisite nexus requires the Government to "prove only that the weapon was present, which it may do by establishing a temporal and spatial relation linking the weapon, the drug trafficking activity, and the defendant." *Id.* (internal quotation marks omitted). "If the government carries its burden, the sentencing court presumes that the weapon was possessed in connection with the relevant drug activity and applies the enhancement, unless the defendant rebuts the presumption by showing that such a connection was clearly improbable." *Id.* (internal quotation marks omitted).

Here, loaded firearms and ammunition were found in close proximity to drugs and distribution paraphernalia. We find that the Government met its burden of proving that the weapons were possessed in connection with Henderson's illegal drug activity, and Henderson failed to rebut that presumption. Therefore, the district court did not clearly err in applying the firearm enhancement.

Section 2D1.1(b)(12) of the Guidelines directs a district court to increase a defendant's base offense level two levels "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." According to the Guidelines' commentary, "[a]mong the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." USSG § 2D1.1(b)(12) cmt. n.17. A premises may be "a building, room, or enclosure." *Id.* Manufacturing or distributing a controlled substance "need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." *Id.* This Court has noted that "application of the premises enhancement is a fact-specific inquiry that considers the totality of the circumstances." *United States v. Carbajal*, 717 Fed. App'x 234, 237 (4th Cir. 2018) (No. 16-4358) (argued but unpublished). We find no clear error in the district court's conclusion that Henderson utilized his residence in Jacksonville, North Carolina, for the purpose of manufacturing or distributing controlled substances.

Finally, counsel questions whether Henderson was denied effective assistance of counsel because his attorney admitted Henderson's guilt on the drug charges during his closing argument. We will decline to consider claims of ineffective assistance of counsel raised on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead,

4

such claims generally must be reserved for a 28 U.S.C. § 2255 motion to permit adequate development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We find that counsel's ineffectiveness does not conclusively appear on the face of the record.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Henderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Henderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Henderson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*